UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>                         Respondent,       )<br>                                                              )<br>     -vs-                                                 )<br>                                                              )<br>RANDALL K. GIBSON,                        )<br>                                                              )<br>                         Movant.               )<br>                                                              ) | NOS.  CR-03-2083-WFN<br>            CV-09-3094-WFN<br><br>ORDER |

     Before the Court is Mr. Gibson's Motion pursuant to 28 U.S.C. § 2255, filed October 1, 2009 (Ct. Rec. 123) requesting that the Court set aside, vacate or otherwise correct his sentence. The Government's response was filed December 10, 2009 (Ct. Rec. 125). Mr. Gibson's reply was filed January 11, 2010 (Ct. Rec. 126). The Court has reviewed the file, the § 2255 Motion and the briefing on the Motion and is fully informed. For the reasons stated below the Motion is denied.

## I. BACKGROUND

     Mr. Gibson was indicted with three co-defendants on May 13, 2003 (Ct. Rec. 1). A Superseding Indictment was filed August, 13, 2003 (Ct. Rec. 11) alleging a conspiracy to distribute more than 50 grams of methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. Mr. Gibson entered a guilty plea to distribution of methamphetamine on October 14, 2004 (Ct. Rec. 77).[1] Mr. Gibson stipulated

---

[1] Change of plea hearings had also been scheduled for July 9, 2004 and October 7,

ORDER - 1

in the Plea Agreement to a drug quantity of 253.5 grams of actual methamphetamine (or 2718.4 grams of a mixture of methamphetamine) for purposes of Guideline calculations. He also stipulated to being a Career Offender. See Plea Agreement, Ct. Rec. 77. This Court sentenced Mr. Gibson on February 10, 2005 to 188 months of imprisonment, 5 years supervised release, a $100 special assessment and $1,500 of restitution. (Judgment filed 3/8/05, Ct. Rec. 108). The Ninth Circuit Mandate affirming the Defendant's sentence was filed September 3, 2008 (Ct. Rec. 122).

Mr. Gibson was initially represented by appointed counsel. George Trejo substituted as retained counsel on December 29, 2003 and represented Mr. Gibson pretrial through sentencing and on appeal (Ct. Rec. 35).

## II. DISCUSSION

To be eligible for relief pursuant to 28 U.S.C. § 2255 Mr. Gibson must establish two thresh-hold requirements: (1) that he is in custody under a sentence of this federal court; and (2) his request for relief is timely. 28 U.S.C. § 2255. The first requirement is satisfied as the record shows that Mr. Gibson is in custody under a sentence of this Court. The second requirement is also satisfied as his Motion was timely filed.

To obtain relief pursuant to 28 U.S.C. § 2255 a movant must show that: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the conviction or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Mr. Gibson has raised three issues on his § 2255 Motion filed October 1, 2009: (1) that his trial counsel was ineffective during pretrial proceedings, plea negotiations and at sentencing because he failed to do witness interviews, investigation and preparation; (2) that his appellate counsel was ineffective for failing to raise meritorious sentencing issues

---

2004, but Mr. Gibson changed his mind about entering the change of plea on those dates.

ORDER - 2

related to *Apprendi* and *Booker*[2]; and (3) that the Court erred when it accepted his plea in violation of *Apprendi*. The Court will address each of the grounds in turn.

At this stage of the proceedings the Court must determine if an evidentiary hearing is required. Rule 8(a), RULES--SECTION 2255 PROCEEDINGS (West 2009). The Court is to review "the answer, [and] any transcripts and records of prior proceedings" in making its determination. *Id.* The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir.1994). However, where, assuming the truth of the specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003). Mere conclusory allegations are insufficient to require an evidentiary hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980).

<u>Ground 1: Trial counsel was ineffective during pretrial proceedings, plea negotiations and at sentencing because he failed to do witness interviews, investigation and preparation.</u>

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

---

[2] *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005).

ORDER - 3

*Strickland*, 466 U.S. at 686.  "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

The first prong of the *Strickland* test requires that Movant show "that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.  A defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*  The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In support of his first ground for relief Mr. Gibson maintains that "[t]he undisputed record supports [his] claim." Motion filed 10/1/09, Ct. Rec. 123, p. 4.  He claims that trial counsel was ineffective during pretrial proceedings, plea negotiations and at sentencing because he failed to do witness interviews, investigation and preparation.

The difficulty with Mr. Gibson's assertions are that he fails to identify any specific facts to support his conclusory claims. He does not identify for any proceedings in his case, witnesses that should have been interviewed but were not, investigations that should have

been conducted that were not, or preparation that was appropriate but was not accomplished by trial counsel. He thus does not create questions of fact that require an evidentiary hearing.

The Court has reviewed the record cited by Mr. Gilson and notes, as did the Government, that defense counsel made numerous factual objections to the Presentence Investigation Report, that showed counsel's obvious investigation of the case and preparation for proceedings. Ct. Rec. 95. Counsel also devoted much of the sentencing memorandum to Mr. Gibson's personal background - his family, his health, his addiction problems and his treatment, his employment and business ventures, and the age of his past criminal history. Ct. Rec. 95. Counsel requested and reviewed psychological records. Ct. Rec. 94. Counsel also made six arguments for a departure or variance and requested a 60 month sentence. Ct. Rec. 95. The Court complimented counsel for filing a complete and interesting sentencing memorandum. Ct. Rec. 118, p. 3. Counsel presented the Court with about a dozen letters (Ct. Rec. 118, p. 11) and had Mr. Gibson's father present at sentencing to make a statement (Ct. Rec. 118, p. 16). Rather than supporting Mr. Gibson's claim of ineffective assistance of counsel, the record clearly supports the conclusion that defense counsel had both investigated and prepared for proceedings in this case and that he presented significant mitigating evidence at sentencing. Given the highly deferential scrutiny required, the Court must conclude that counsel's actions were not deficient. Mr. Gibson does not satisfy the first *Strickland* prong for an ineffective assistance of counsel claim, and his claim of ineffective assistance of trial counsel therefore fails. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002) (prejudice prong need not be addressed if counsel's performance was not deficient).

Even assuming arguendo that counsel's performance was somehow deficient, Mr. Gibson would still be required to prove the second prong of the *Strickland* standard, that there was a reasonable probability, that but for the deficient performance the outcome of the proceedings would have been different. Mr. Gibson cannot to carry his burden on this issue

ORDER - 5

because, with one exception, he fails to allege how any of the proceedings would have been different. In his reply he states that counsel failed to "present any defense as to his role in this offence (sic) – specifically the amount of 253 grams of Methamphetamine" and had counsel done so the outcome of the sentencing would have been different. Ct. Rec. 126, p. 5. The record shows however that Mr. Gibson stipulated to the quantity of 253.5 grams of actual methamphetamine as a part of his plea agreement. Ct. Rec. 77, ¶ 9(a). At the change of plea hearing the Court confirmed with Mr. Gibson that he agreed the quantity of drugs he possessed with intent to deliver was 253.5 grams of actual methamphetamine. Ct. Rec. 120, p. 12. Finally, at sentencing the Court referenced the quantity of drugs when it imposed sentence. Ct. Rec. 118, p. 20. Counsel is not required to raise merit-less arguments, and it would have been futile to argue at sentencing about the quantity of drugs which Mr. Gibson had already agreed was 253.5 grams of actual methamphetamine. The Court concludes that Mr. Gibson was not prejudiced by trial counsel's performance.

<u>Ground 2: Appellate counsel was ineffective for failing to raise meritorious sentencing issues related to *Apprendi* and *Booker*[3]</u>.

*Apprendi* held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be admitted by the defendant or submitted to the jury and proved beyond a reasonable doubt. *Booker* then held that the Federal Sentencing Guidelines could no longer be considered mandatory without violating the jury trial requirement. The Guidelines were henceforth advisory at sentencing, to be considered along with other statutory factors of 18 U.S.C. § 3553(a). At sentencing this Court considered the Guideline range and statutory factors, but commented that the Guideline

---

[3] *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005).

ORDER - 6

1  range was presumptively reasonable and sentenced Mr. Gibson to the low end of the range
2  or 188 months of imprisonment. Ct. Rec. 118, p. 5, 7-9, 21-23.

3  Appellate counsel raised this *Apprendi* and *Booker* sentencing issue on appeal
4  asserting that this Court has erred when it presumed that the Guideline range was
5  presumptively reasonable. At the time of Mr. Gibson's sentencing the Supreme Court
6  had not yet decided *Rita v. United States*, 127 S. Ct. 2456 (2007). *Rita* held that the
7  sentencing court should not presume that a Guideline sentence is reasonable. On appeal then
8  appellate counsel successful argued that the Court's presumption was incorrect. Nonetheless,
9  the appellate court determined that the error was harmless and the sentence was not
10 unreasonable. Ct. Rec. 121. Mr. Gibson again does not identify any other specific issues
11 that should have been raised on appeal. On this record, appellate counsel's actions were
12 not deficient nor was Mr. Gibson prejudiced by counsel's actions. Mr. Gibson's claim of
13 ineffective assistance of appellate counsel must be dismissed.

14 <u>Ground 3: The Court erred when it accepted Mr. Gibson's plea in violation of
15 *Apprendi*</u>.

16 This single sentence from Mr. Gibson's § 2255 Motion encompasses Mr. Gibson's
17 entire argument for Ground 3. Ct. Rec. 123, p. 2. There is no specific allegation of what is
18 asserted to be the error. At the plea hearing Mr. Gibson admitted to the facts that satisfied
19 all of the elements of the crime of distribution of methamphetamine and stipulated to the
20 drug quantity. Ct. Rec. 120. Having so admitted the necessary facts there was no violation
21 of *Apprendi* when the Court preceded to sentence Mr. Gibson based upon these admitted
22 facts. In addition, as previously discussed, Mr. Gibson raised on direct appeal the contention
23 that his sentence was in violation of *Apprendi* and *Booker*. As the Government correctly
24 argues, a claim raised on direct appeal, cannot be the basis for a § 2255 Motion. *United
25 States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). Mr. Gibson's third ground for relief must
26 also be dismissed.

ORDER - 7

## III. CONCLUSION

Mr. Gibson asserted three grounds for relief under § 2255. None of the grounds require an evidentiary hearing and Mr. Gibson is not entitled to relief on any of the grounds.

## IV. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: (1) that Mr. Gibson has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Gibson's Motion Pursuant to 28 U.S.C. § 2255, filed October 1, 2009, **Ct. Rec. 123**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to Mr. Gibson and to the United States Attorney in Spokane, Washington;

ORDER - 8

- Inform the Ninth Circuit Court of Appeals that if Mr. Gibson files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-09-3094-WFN**.

**DATED** this 10th day of February, 2010.

                                          s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN
01-3010                      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9