# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDAL KENNETH GIBSON,<br><br>        Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No.   2:03-CR-2083-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 165). The Ninth Circuit authorized filing of a second or successive 28 U.S.C. § 2255 pursuant to *Johnson v. United States,* 135 S.Ct. 2551 (2015). Several months following authorization, the Supreme Court determined that the vagueness concerns rendering the ACCA unconstitutional do not apply to application of advisory guideline sentences. *Beckles v. United States*, 137 S.Ct. 886 (2017).

## DISCUSSION

To gain relief, Mr. Gibson must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Despite having not been sentenced pursuant to the ACCA, Mr. Gibson asserts that his sentence is unconstitutional according to *Johnson*. Mr. Gibson argues that mandatory guidelines have the same effect as law, and therefore the conclusion of *Beckles* does not apply. Unfortunately for Mr. Gibson's' argument, he was sentenced *post-Booker* and therefore not subject to mandatory guideline application.

ORDER ON § 2255 MOTION - 1

Mr. Gibson attempts to resuscitate the claim by arguing that because the Court originally erred by treating the guideline range as presumptively reasonable, Mr. Gibson's claims should be treated as if the Court sentenced pursuant to a mandatory guideline. Presumptively reasonable does not equate to mandatory. The Court specifically recognized, "I want to point out what all of us know, is that the guideline are now advisory." Sentencing Transcript, ECF No. 118, pg. 4, lns. 23 -24. Though the Court clearly viewed the range as presumptively reasonable, the Court also took all factors into consideration when imposing a sentence, including the § 3553(a) factors as well as the specific issues raised in Mr. Gibson's motions for downward departure. The Court noted that the guideline range was the same regardless of whether the Court relied on drug quantity guidelines or career offender guidelines due to the large amount of drugs involved and Mr. Gibson's lengthy and serious criminal history. Had career offender not been an issue, Mr. Gibson would have still had the same guideline range, the same consideration of §3553(a) factors, and the same balance of equities. The only difference would be that he could have pursued an adjustment following the revision of the drug quantity table. Had Mr. Gibson been eligible to pursue an adjustment after the guideline changes for drug offenses, his ultimate sentence represented what would have been the high end of the range.

Consequently, even if the Court concurred with Mr. Gibson's position, which it does not, the practical effect would be very limited. Mr. Gibson has already served his time. He is now on supervised release. Though he argues that the Court could shorten or eliminate supervised release if the Court determined that he had overserved, the Court would be bound to view the same factors as the Court examined during the original sentencing hearing including Mr. Gibson's substance abuse issues and lengthy criminal history. This Court does not impose supervised release as a punishment, but rather as a tool to help people such as Mr. Gibson access resources and support not otherwise available to them to move towards living a crime free life. Supervised release also adds

the benefit of protecting the public by adding an incentive for supervisees to stay sober and to avoid recidivism.

### CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion. Thus a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Gibson's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed April 29, 2017, **ECF No. 165**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant, **AND**
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**.

**DATED** this 23rd day of May, 2017.

05-16-17

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 3